UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MARK JIMENEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>SEAN DUFFY, SECRETARY OF TRANSPORTATION,[1]<br><br>        Defendant. | No. 2:24-cv-02158 WBS SCR<br><br>ORDER RE: MOTION TO DISMISS |

----oo0oo----

Plaintiff Mark Jimenez alleges the Secretary of Transportation violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., in terminating him from his employment with the Department of Transportation ("Department"). (Compl. (Docket No. 1).)  Plaintiff filed this action following the unsuccessful appeal of his termination to the Merit Systems Protection Board ("Board").

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary of Transportation Sean Duffy has been substituted for former Secretary of Transportation Pete Buttigieg.

1

             In January 2018, plaintiff was informed that he had been selected for a temporary promotion at the Department. (Id. ¶ 7.)  In March 2018, plaintiff learned that a different candidate had been given his position, and plaintiff ultimately did not receive a temporary promotion. (Id.)  Plaintiff lodged a complaint of unlawful discrimination in July 2018, alleging that he was not selected for the position on the basis of his Hispanic descent. (Id. ¶ 11.)  Plaintiff participated in a mediation concerning his allegation of discrimination with the Office of Civil Rights on October 3, 2018. (Id.)

             In August 2018, the Department issued a notice proposing to remove plaintiff from his position based on charges that he falsified documents. (See Board Order (Docket No. 1 at 7-30) at 2.)  Plaintiff was terminated from his employment on October 10, 2018, after several of the falsified document charges were sustained following an investigation. (See Compl. ¶ 12; Board Order at 4.)  Plaintiff appealed his termination to the Board, which upheld his removal. (See Board Order at 17.)

             A discrimination action following an adverse decision from the Board must be filed in the district court "within 30 days after the date the individual filing the case received notice of the judicially reviewable action." 5 U.S.C. § 7703(b)(2); Kloeckner v. Solis, 568 U.S. 41, 53 (2012). Accordingly, the Board's decision advised plaintiff that if he wanted to pursue a discrimination claim, he was required to file an action in the U.S. district court within 30 calendar days of either the day plaintiff received the decision or the date his representative received the decision, whichever came first. (See

1 | Board Order at 19.)
2 |   The regulations governing the procedures for filing a
3 | discrimination action following a Board decision indicate that a
4 | party is presumed to have received a document via mail five days
5 | from the date of mailing.  See 5 C.F.R. §§ 1201.22(b)(3),
6 | 1201.23(a), 1201.152.
7 |   The Board mailed its decision to plaintiff on July 3,
8 | 2024.  (See Docket No. 1 at 6, 29.)  According to the Notice
9 | attached as an exhibit to plaintiff's complaint, the Board also
10 | sent the decision to plaintiff's representative on that date, but
11 | the mailing was returned to sender because plaintiff's counsel
12 | had failed to update his mailing address.  (See id. at 6.)  The
13 | Board contacted plaintiff's counsel on July 22, 2024 to request a
14 | current mailing address, and the decision was mailed to counsel's
15 | correct address that same day.  (See id.)
16 |   Plaintiff has not provided any evidence showing that he
17 | did not receive the decision, that he received it more than five
18 | days following the date of mailing, or that he received it after
19 | his counsel did.  See Payan v. Aramark Mgmt. Servs. Ltd. P'ship,
20 | 495 F.3d 1119, 1126 (9th Cir. 2007) ("to rebut a mailing
21 | presumption, the plaintiff must show that [he] did not receive
22 | the [agency's] right-to-sue letter in the ordinary course");
23 | Monzo v. Dep't of Transp., 735 F.2d 1335, 1336 (Fed. Cir. 1984)
24 | (for purposes of the 30-day filing requirement under § 7703(b),
25 | "the date of receipt by petitioner's counsel is irrelevant where
26 | petitioner himself actually received notice").  When questioned
27 | at oral argument, plaintiff's counsel did not offer to provide
28 | any evidence to that effect.

3

1         Plaintiff therefore had 35 days from the July 3, 2024 date of mailing -- the 30-day time for filing plus five days for mailing -- in which to file his complaint in the district court, placing the filing deadline at August 7, 2024.  See 5 U.S.C. § 7703(b)(2); 5 C.F.R. §§ 1201.22(b)(3), 1201.23(a).  Plaintiff did not file this action within the allotted time, as his complaint was docketed on August 8, 2024.  (See Compl.)  Accordingly, his complaint is untimely.

        The statute of limitations under § 7703(b)(2) is subject to equitable tolling.  See Washington v. Garrett, 10 F.3d 1421, 1437 (9th Cir. 1993); Robinson v. Dep't of Homeland Sec. Off. of Inspector Gen., 71 F.4th 51, 55 (D.C. Cir. 2023). However, plaintiff does not raise any argument on the issue, and there is no information before the court suggesting that "extraordinary circumstances . . . prevented timely filing" such that equitable tolling is appropriate.  See Holland v. Florida, 560 U.S. 631, 649 (2010).

        For the foregoing reasons, plaintiff's complaint must be "dismiss[ed] as time-barred."  See Washington, 10 F.3d at 1437 (failure to timely file action in district court within thirty days prescribed by § 7703(b)(2) warrants dismissal).

        IT IS THEREFORE ORDERED that defendant's motion to dismiss (Docket No. 6) be, and the same hereby is, GRANTED.  The Clerk of Court is directed to close the case.

Dated:  March 17, 2025

*[signature]*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE